**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ZION'ELIYAH YAH'TORAH , <br><br> Plaintiff, <br><br> v. <br><br> MARCUS O. HICKS AND RASUL SALUKI, <br><br> Defendants. | Civil Action No. 15-5501 (PGS) <br><br> MEMORANDUM OPINION |

**BONGIOVANNI, Magistrate Judge**

This matter comes before the Court upon Zion'Eliyah Yah'Torah's ("Plaintiff") motion to amend his Complaint in order to re-instate Defendant Marcus Hicks and to sue Marcus Hicks ("Defendant Hicks") and Rasul Saluki ("Defendant Saluki") (collectively "Defendants") in their individual and official capacities. (Docket Entry No. 33).  Defendants do not oppose Plaintiff's motion.  The Court has fully reviewed and considered all arguments made in support of, and in opposition to, Plaintiff's motion to amend.  The Court considers Plaintiff's motion without oral argument pursuant to L.Civ.R. 78.1(b).  For the reasons set forth more fully below, Plaintiff's motion is GRANTED.

**I.      Background and Procedural History**

On July 13, 2015, Plaintiff filed a Complaint against Defendant Hicks, Director-Chairman of the Religious Issues Committee for New Jersey Department of Corrections. Through his Complaint, Plaintiff alleged that Hicks violated his First Amendment Right to free exercise of religion by denying Plaintiff access to fragrant oils for religious purposes. (Docket

Entry No. 1 at 4).

On October 29, 2015, the Hon. Peter G. Sheridan, U.S.D.J. dismissed Plaintiff's complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). (Docket Entry No. 5). However, the District Court granted Plaintiff leave to move to re-open the case and file an amended complaint which Plaintiff did on November 23, 2015 (Docket Entry No. 7). In his amended complaint, Plaintiff added Rasul Saluki, Supervisor of Religious Services at New Jersey State Prison, as a Defendant. (*Id.*)

The District Court dismissed Defendant Hicks without prejudice on January 4, 2016 as the only basis for naming him as a Defendant was his role as supervisor. The District Court noted that "liability in a civil rights action cannot be based on respondeat superior alone, and defendants in such actions must be alleged to have had personal involvement in the wrong complained of." (Docket Entry No. 9, citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988)). Plaintiff submitted a letter brief on July 13, 2016 seeking to re-instate Defendant Hicks as a Defendant. (Docket Entry No. 23). Plaintiff was then directed by this Court to submit a formal motion to amend the complaint, which he did on October 6, 2016.[1] (Docket Entry No. 33).

## II. Analysis

### A. Standard of Review

Pursuant to Fed.R.Civ.P.15(a)(2), leave to amend the pleadings is generally granted freely. (*See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000)). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

---

[1] Plaintiff also submitted a motion to supplement complaint on October 4, 2016. (Docket Entry No. 32). As this appears to be a portion of the motion to amend, the Court will address the two motions (Docket Entry Nos. 32 and 33) together in this Order.

2

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." (Id.)  However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. (*Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004)).

A motion to amend is properly denied where the proposed amendment is futile.  An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face."  (*Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted)).  To evaluate futility, the Court uses "the same standard of legal sufficiency" as applied to a motion to dismiss under Rule 12(b)(6) (*Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)) and considers only the pleading, exhibits attached to the pleading, matters of public record, and undisputedly authentic documents if the party's claims are based upon same.  (*See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

To determine if a complaint would survive a motion to dismiss under Rule 12(b)(6), the Court must accept as true all the facts alleged in the pleading, draw all reasonable inferences in favor of the plaintiff, and determine if "under any reasonable reading of the complaint, the plaintiff may be entitled to relief[.]" (*Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead "enough facts to state a claim to relief that is plausible on its face[.]" (*Duran v. Equifirst Corp.*, Civil Action No. 2:09-cv-03856, 2010 WL 918444, *2 (D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Put simply, the alleged facts must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (*Ashcroft

3

*v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)).

Although a pleading does not need to contain "detailed factual allegations," a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" (*Twombly*, 550 U.S. at 555 (citation omitted)). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." (Id.) Additionally, in assessing a motion to dismiss, although the Court must view the factual allegations contained in the pleading at issue as true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." (*Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007)).

### B. Plaintiff's Argument

Plaintiff argues that although supervisors cannot be held liable for constitutional violations committed by their subordinates under the doctrine of respondeat superior, a supervisor can be liable if he directed others to violate their rights, "or, as the person in charge, had knowledge of and acquiesced in their subordinates' violations" (Docket Entry No. 23[2], citing *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)).

Plaintiff argues that Defendant Hicks "has been nonfeasant in his capacity as Chairman of the Religious Issues Committee for failure to act when a duty to act existed; and for failure to take steps to protect Plaintiff's right to observe the basic tenets of his sincerely held religious belief." (Pl.'s Mot. to Amend at 18, ¶ 34). Plaintiff further argues that Defendant Hicks and Defendant Suluki "have failed in their official duties to comply with provisions of Federal Law by violating Plaintiff's constitutionally protected First Amendment Right to freedom of religious

---

[2] Although it was not filed with the motion to amend, the Court will rely on Plaintiff's Letter Brief at Docket Entry 23 as well as the proposed amended complaint filed with the motion to amend at Docket Entry No. 33.

worship." (Id. at ¶ 38).

### C. Discussion

The Court finds that Plaintiff has plead sufficient facts to show that re-instating Defendant Hicks is not futile. Plaintiff alleges twelve instances between July 20, 2013 and June 18, 2015 where a letter was sent to Defendant Hicks by Plaintiff himself or a prison official referred Plaintiff's complaint about not receiving oils to Defendant Hicks. (See Pl.'s Letter Brief at 3-9). In order to determine if a motion to amend is futile, the Court must accept as true all the facts alleged in the pleading and draw all reasonable inferences in favor of the plaintiff. A reasonable person could conclude that Defendant Hicks "had knowledge of and acquiesced in [his] subordinates violations." (*A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)).

The Court finds that there has been no undue delay, bad faith or dilatory motive. Plaintiff included Defendant Hicks in his original complaint. Defendant Hicks was dismissed without prejudice on January 4, 2016 and Plaintiff is now seeking to re-instate him in his Amended Complaint.

Plaintiff's request to re-instate Defendant Hicks is GRANTED. The Court also GRANTS Plaintiff's request to sue Defendants in their individual and official capacities. Although Defendants may be immune from liability in their official capacities under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), that is an issue of fact for the District Judge to decide.

### III.     Conclusion

For the reasons set forth above, Plaintiff's Motion to Amend is GRANTED. The Court notes that Plaintiff's Amended Complaint must be a complete document including the allegations from the Original Complaint, Proposed Amended Complaint and Plaintiff's June 31, 2016 Letter Brief motioning the Court to reinstate Defendant Marcus O. Hicks.

An appropriate Order follows.


Dated: November 22, 2016

                                                                s/  Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**